IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRY PENISTER                                                                                     PLAINTIFF
ADC # 92828

v.                                           4:25CV00584-JM-JTK

AMY STVARTAK, et al.                                                                           DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Terry Penister ("Plaintiff") is currently incarcerated at the Ouachita River Unit of the Arkansas Division of Correction. (Doc. No. 17). Plaintiff's claims in this case arise from the time he was an inmate at the Dub Brassel Detention Center in Pine Bluff, Arkansas. (Doc. No. 2 at 1). Plaintiff was a pretrial detainee at that time. (Id. at 3).

Plaintiff's Amended Complaint is the operative pleading in this case. (Doc. No. 4). Plaintiff sued Dr. Amy Stvartak and Nurses Erica Green and Kyla Dillard (collectively, "Defendants") in their personal and official capacities alleging deliberate indifference to his serious medical needs. (Id. at 1-2, 4-6).

Defendants filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 19-21). Defendants later supplemented their Motion at the Court's request. (Doc. No. 25). On October 8, 2025, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by November 7, 2025. (Doc. No. 23). The Court then extended the deadline for Plaintiff's response to November 21, 2025. (Doc. No. 26). The Court advised Plaintiff that failure to respond would result in all facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute. (Id.) To date, Plaintiff has not filed a response.

After careful consideration of the record before me, and for the reasons explained below, I recommend Defendants' Motion be granted.

**II.     Plaintiff's Claims**

Plaintiff sued Defendants in their personal and official capacities. (Doc. No. 4 at 1-2). On February 4, 2025, Plaintiff put in a sick call in connection with a painful dental problem. (Id. at 4). He placed a second sick call on February 6, 2025, and informed Defendants of his problem during pill call. (Id.). Plaintiff placed another sick call on February 13, 2025. (Id. at 5). On February 6 or February 13, Defendant Green ordered antibiotics for Plaintiff and told Plaintiff he was on the dentist list, but Defendant Green did not look in Plaintiff's mouth. (Id.). Plaintiff was seen by Dr. Stvartak on April 13, 2025, and received another prescription for antibiotics. (Id.). Dr. Stvartak also did not look at Plaintiff's teeth. (Doc. No. 4 at 5-6). Dr. Stvartak told Plaintiff again that he would be placed on the dentist list. (Id. at 6).

Plaintiff filed a medical request on May 2, 2025, and a second medical request on May 6, 2025. (Id. at 8). Defendant Green responded that she was doing all that she could do as a nurse. (Id.). Plaintiff ultimately filed this lawsuit on June 26, 2025, asking for damages and to be seen by a dentist. (Id. at 11).

### III.     Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

### IV.     Discussion

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. Nos. 19-21). According to the Prison Litigation Reform Act ("PLRA"),

3

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

\* \* \*

At the time of the incidents giving rise to this lawsuit, the Detention Center had in place a grievance procedure.  (Doc. No. 21-1 at ¶ 4; Doc. No. 19-1 at ¶ 2; Doc. No. 25-1 at ¶ 2; Doc. No. 25-1 at 12).  The policy defines a grievance as:

> Any written notice of a complaint, request, or problem signed by a detainee and delivered to a jailer.

4

(Doc. No. 19-2 at I(A)).

The policy goes on to explain procedures related to grievances submitted on paper, such as explaining that if the grievance is placed in an envelope, "grievance" must be written on the envelope. As for appeals, the policy provides that:

> [t]he grievant may appeal any response or lack of response to the sheriff, who shall respond in writing. Appeals to the sheriff may be delivered in the same manner as above or may be mailed to the sheriff or to a third party for delivery to the sheriff.

(Id. at III(G)).

Despite the policy providing procedures for paper grievances, the Detention Center's detainee handbook advises inmates that grievances "will be submitted through the SmartMail Kiosk." (Doc. No. 25-1 at ¶¶ 2, 3). The detainee handbook also contains a grievance procedure for grievances submitted on the kiosk. (Doc. No. 25-1 at p. 12). As to grievances, the detainee handbook on the kiosk provides:

> The grievant may appeal any response or lack of response to the administrator, who shall respond in writing. If the grievant does not agree with the decision of the administrator, an appeal should be made to the sheriff. Appeals to the sheriff may be performed in the same manner as above.

(Id. at 11).

Plaintiff cited the policy available on the kiosk in his Amended Complaint; it is clear that he had access to that policy. (Doc. No. 4 at 6-7).

It is also clear that Plaintiff filed grievances about his dental issue. (Id. at pp. 15, 53). The response to both grievances instructed Plaintiff to file a medical request. (Id.). Nothing in the record reflects that Plaintiff appealed any grievance response. Plaintiff did file medical requests, but medical requests are not grievances under the applicable policy. Because Plaintiff did not appeal his grievances, he did not exhaust his claims under the applicable policy.

Plaintiff did not contest Defendants' Motion; he did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). As a result, Defendants' Motion should be granted and Plaintiff's claims against them should be dismissed without prejudice.

## V. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. Nos. 19, 25) be GRANTED;

2. Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust administrative remedies;

3. This action be CLOSED; and

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 11th day of December, 2025.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE